IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ASHLEY CREEK PROPERTIES, LLC | ) ) ) | |
| | ) | Case No.  CV-08-0412-E-BLW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| LAWRENCE TIMCHAK, Supervisor) Caribou National Forest; JULIE JACOBSON, Deputy Assistant, Secretary of the Department of Interior, Land and Minerals Management; GAIL KIMBALL, Chief, U.S. Forest Service; JIM CASWELL, Director, Bureau of Land Management; THOMAS J. VILSACK,[1] Secretary of Agriculture; and KENNETH L. SALAZAR,[2] Secretary of Interior, | ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM DECISION AND ORDER |
| Defendants,  and | ) ) ) | |
| J.R. SIMPLOT COMPANY | ) ) | |
| Proposed Intervenor-Defendant. _____ | ) ) ) | |

_____

[1]     Thomas J. Vilsack is substituted for his predecessor as Secretary of Agriculture.  Fed. R. Civ. P. 25(d).

[2]     Kenneth L. Salazar is substituted for his predecessor as Secretary of the Interior.  Fed. R. Civ. P. 25(d).

## INTRODUCTION

The Court has before it J.R. Simplot Company's (Simplot) Motion to Intervene (docket no. 5), which Plaintiff Ashley Creek Properties L.L.C. (Ashley Creek) opposes.  For the reasons set forth below, the Court will deny the motion as to liability issues and grant the motion as to remedy issues.

## FACTUAL BACKGROUND

This case involves the expansion of Simplot's Smoky Canyon Mine, where Simplot mines phosphate for use at its Pocatello fertilizer plant – the Don Plant. Ashley Creek alleges that the federal defendants' environmental impact statement (EIS) failed to adequately consider sites in Vernal, Utah as an alternative source of phosphate for the Don Plant, and thus violated the National Environmental Policy Act (NEPA).  42 U.S.C. § 4332.  *Complaint* at ¶ 25.  Ashley Creek seeks an order declaring the EIS invalid and suspending approval of expansion of the Smoky Canyon Mine until completion of an adequate EIS.  *Id.*  Simplot moves for intervention as of right, or alternatively, permissive intervention.

In a related case in this district, environmental groups challenged the same federal defendants' approval of Simplot's expanded operations at the Smoky Canyon Mine, but did not include in their complaint the precise NEPA challenge presented here by Ashley Creek.  *See* Case No. 08-388-E-MHW.  There, the Court

granted Simplot's unopposed motion to intervene and also, over objection, granted

intervention as of right, or alternatively, permissive intervention to several other

third party defendants at the preliminary injunction stage.  *See Greater Yellowstone*

*Coalition v. Timchak*, 2008 WL 4911410, at *1, *5 (D. Idaho, Nov 13, 2008).

Ashley Creek attempted to participate as an amicus party, but the Court rejected

that attempt.  *Id.* at *7.  The Court ultimately denied the environmental group's

request for a preliminary injunction, and that denial is now on appeal.  *See Greater*

*Yellowstone Coalition v. Timchak*, 2008 WL 5101754 (D. Idaho, November 26,

2008); *see also* Case No. 08-388-E-MHW, at docket nos. 104, 105.

## ANALYSIS

### A.    Intervention as of Right

Simplot first asserts it is entitled to intervene as of right.  To intervene as of

right pursuant to Federal Rule of Civil Procedure 24(a): (1) the motion must be

timely; (2) the applicant must assert a significantly protectable interest relating to

property or a transaction that is the subject matter of litigation; (3) the applicant

must be situated so that disposition of the action may as a practical matter impair or

impede the interest; and (4) the applicant's interest must be inadequately

represented by the parties.  *Kootenai Tribe of Idaho v. Veneman,* 313 F.3d 1094,

1107-08 (9th Cir. 2002).  In the Ninth Circuit, an applicant need not also satisfy the

requirements for Article III standing when it satisfies the requirements for

intervention as of right under Rule 24(a).  *Portland Audubon Soc. v. Hodel*, 866

F.2d 302, 308 n.1 (9th Cir. 1989).

"As a general rule, the federal government is the only proper defendant in an

action to compel compliance with NEPA."  *Wetlands Action Network v. U.S. Army*

*Corps of Engineers*, 222 F.3d 1105, 1114 (9th Cir. 2000) (internal quotation

omitted).  The rationale for this rule "is that, because NEPA requires action only by

the government, only the government can be liable under NEPA."  *Id.* (internal

quotation omitted).  A private party may, however, satisfy the requirements of

intervention as of right on behalf of the government in the remedial phase of a

NEPA challenge.  *See Forest Conservation Council v. U.S. Forest Service*, 66 F.3d

1489, 1493-99 (9th Cir. 1995).

This Court has held previously that a group of livestock producers in a

position similar to Simplot could intervene for purposes of addressing remedy

issues, but not for purposes of addressing liability issues.  *See Western Watersheds*

*Project v. U.S. Forest Service*, 2005 WL 3244253, at **1-2 (D. Idaho, Nov. 4,

2005).  The reason was "[i]f proposed intervenors were allowed to address liability

issues under these circumstances, an absurd result could follow" because the

government "must make the final call on whether to defend its own conduct, and, if

**Order – page 4**

so, how that defense will be made." *Id.* at *1.  This Court nevertheless held that,

should the case proceed to the remedy phase, "the Court needs to hear from the

affected parties, including the livestock producers." *Id.* at *2.

Here, Simplot relies on *Kootenai Tribe of Idaho* for the proposition that in a

NEPA case "intervention as a matter of right is appropriate when the liability and

remedy phase are joined." *Simplot Opening Memo in Support of Intervention* at p.

9 n.8.  This may provide an adequate basis to grant intervention where – as

occurred in the companion case in this district where the environmental groups

challenged the mine expansion – the plaintiff seeks a preliminary injunction that

will immediately impact the proposed intervenor's legal rights.  *See Greater*

*Yellowstone Coalition*, 2008 WL 4911410 at *3.  In this case, however, the liability

phase is entirely separate from the remedy phase because Ashley Creek has not

moved for a preliminary injunction.

Simplot next argues that its property interest under the Mineral Leasing Act

of 1920 is sufficient to warrant intervention as of right.  This argument relies on

*Sierra Club v. E.P.A.*, 995 F.2d 1478, 1484 (9th Cir. 1993), where the Circuit held

"[i]t is generally enough that the interest [asserted] is protectable under some law,

and that there is a relationship between the legally protected interest and the claims

at issue."  The Circuit held that a city's wastewater pollution permits provided it

**Order – page 5**

with a significantly protectable interest to intervene in defense of the federal

government in an advocacy group's challenge that the permits violated the Clean

Water Act (CWA). *Id.* at 1485-86. The Circuit acknowledged, however, that "[i]n

NEPA cases, interests which might be protectable in other litigation contexts may

not suffice for intervention as a defendant . . . . [because] NEPA does not regulate

the conduct of private parties or state or local governments." *Id*. at 1485. Thus,

"in a NEPA case, someone who will be economically worse off if an

environmental impact statement precedes a major government action nevertheless

has no interest protected by law in defending against issuance of an environmental

impact statement." *Id.*

Since *Sierra Club*, the Circuit has directly rejected the broad contention that

"the 'none but a federal defendant' rule does not apply to NEPA actions involving

an attack upon a permit issued to a private party." *Wetlands Action Network*, 222

F.3d at 1114. The only distinction between *Sierra Club* and *Wetlands Action

Network* is that the plaintiffs in *Wetlands Action Network* proceeded under NEPA

to challenge CWA permits, rather than only challenging the permits directly under

the CWA.

Simplot asserts that a finding of the federal defendants' NEPA liability will

injure it by suspending or effectively terminating its phosphate mining and

**Order – page 6**

fertilizer production operations protected by its mining right.  This scenario is materially distinguishable from *Sierra Club* because, although Simplot may be "economically worse off" if the EIS proves inadequate, Simplot "nevertheless has no interest protected by law in defending against issuance of [a revised] environmental impact statement."  *Sierra Club*, 995 F.2d at 1485.  Simplot is not entitled, therefore, to intervene as of right in the liability phase.

If the Court finds the EIS inadequate and this case proceeds to a remedy phase, however, the interests at stake will be different.  *See Western Watersheds Project*, 2005 WL 3244253 at *2.  Ashley Creek seeks injunctive relief suspending the record of decision (ROD) approving Simplot's mining expansion pending completion of a new EIS.  *Complaint* at ¶ 25.  Even if they prevail on liability, "the injunction sought by plaintiffs will not automatically issue," and affected parties "should be allowed to present evidence to the court that unusual circumstances weigh against the injunction sought."  *Forest Conservation Council*, 66 F.3d at 1496 (internal quotation omitted).

Simplot meets the four requirements to intervene as of right in opposition to Ashley Creek's requested injunctive relief.  First, Simplot timely filed its motion before any responsive pleadings or dispositive motions.  Second, Simplot asserts a legally protected interest – its mining permit issued under the Mining Act of 1920

**Order – page 7**

– which is related to the requested injunctive relief.  Third, Simplot asserts that the delay in mining caused by the injunctive relief sought will, at a minimum, cause it to lay off employees, and could result in closure of the mine and the Don Plant when Simplot depletes existing phosphate reserves in 2010.  *See Declaration of William J. Whiteacre*, docket no. 9, at ¶¶ 13, 17-19.  Finally, Simplot's interest may be inadequately represented by the federal defendants, who are "required to represent a broader view than the more narrow, parochial interests of the [private party intervenors]."  *Forest Conservation Council*, 66 F.3d at 1499.

Thus, Simplot is not entitled to intervene as of right in the liability phase, but will be entitled to intervene as of right in the remedial phase if Ashley Creek prevails on liability.

## B.      Permissive Intervention

Simplot alternatively requests permissive intervention under Rule 24(b)(1)(B) as to all phases of the litigation.  An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).  The Court must also consider "whether intervention will unduly delay the main action or will unfairly

**Order – page 8**

prejudice the existing parties." *Id.*  *See* Fed. R. Civ. P. 24(b)(3).  In contrast to intervention as of right, the Ninth Circuit has allowed a private party to permissively intervene in defense of an action to compel compliance with NEPA. *See Kootenai Tribe of Idaho,* 313 F.3d at 1110.

Simplot will have the common defense to the government defendants that the alternatives analysis in the EIS was legally adequate, and Simplot's motion was timely filed.  Additionally, Ashley Creek – the only party to oppose Simplot's intervention – points to no reason why intervention would cause it prejudice.

As to an "independent basis for jurisdiction," Simplot's defense against the NEPA claim provides federal question jurisdiction under 28 U.S.C. § 1331, but it is not clear whether a permissive intervenor must independently satisfy other jurisdictional requirements, including Article III standing.  *Compare Kootenai Tribe of Idaho,* 313 F.3d at 1108-09, *with Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) *and EEOC v. Pan American World Airways*, 897 F.2d 1499, 1509-10 (9th Cir.1990).  Apparently, this uncertainty is not limited to our Circuit.  *See In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 31  (D.C. Cir. 2000) (noting that "there is uncertainty over whether standing is necessary for permissive intervention").

Even assuming Simplot meets all jurisdictional requirements, however, the

**Order – page 9**

Court grants permissive intervention only as to the remedial phase of this case.[3]

Simplot is likely correct in its assertions that it possesses the best information

regarding the potential economic impacts of forcing it to supply the Don Plant with

Ashley Creek's phosphate. Such information may even buttress the agencies'

decision not to consider that alternative in greater detail. However, because review

of the agencies' EIS must be based on the record that was before the agencies, the

information uniquely possessed by Simplot is not relevant to the liability phase.

Further, the federal defendants are adequately represented by counsel. Thus,

Simplot's input would, at best, be cumulative to that of the federal defendants

during the liability phase, but as discussed above Simplot's input will be useful and

necessary to determine the appropriate relief if the case reaches a remedy phase.

Thus, as an alternative basis to intervention as of right, the Court grants

permissive intervention to Simplot only as to the remedy issues if the case

proceeds to that point.

### ORDER

In accordance with the terms of the Memorandum Decision set forth above,

---

[3]     If a standing requirement exists, there is no question that it is met as to the remedial phase. The standing requirement "is at least implicitly addressed" by the Rule 24(a)(2) requirement – satisfied as to the remedial phase here – that the applicant assert an interest relating to the property or transaction which is the subject of the action. *Portland Audubon Soc.*, 866 F.2d at 308 n.1.

NOW THEREFORE IT IS HEREBY ORDERED, that Simplot's motion to

intervene is GRANTED IN PART AND DENIED IN PART.

It is granted to the extent it seeks intervention limited solely to issues of

remedy, and not for purposes of liability.  It is denied in all other respects.

DATED:  **March 5, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order – page 11**