IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ASHLEY CREEK PROPERTIES, LLC ) ) ) | |
| ) | Case No. CV-08-0412-E-BLW |
| Plaintiff, ) ) | |
| v. ) ) | |
| LAWRENCE TIMCHAK, Supervisor ) Caribou National Forest; JULIE ) JACOBSON, Deputy Assistant, ) Secretary of the Department of ) Interior, Land and Minerals ) Management; GAIL KIMBALL, ) Chief, U.S. Forest Service; JIM ) CASWELL, Director, Bureau of ) Land Management; THOMAS J. ) VILSACK,[1] Secretary of Agriculture; ) and KENNETH L. SALAZAR,[2] ) Secretary of Interior, ) Defendants, and ) ) | MEMORANDUM DECISION AND ORDER |
| J.R. SIMPLOT COMPANY ) ) Intervenor- ) Defendant. ) _____ ) | |

The Court has before it Ashley Creek's motion for reconsideration (Docket No. 32). For the reasons set forth below, the Court will deny Ashley Creek's

---

[1] Thomas J. Vilsack is substituted for his predecessor as Secretary of Agriculture. Fed. R. Civ. Proc. 25(d).

[2] Kenneth L. Salazar is substituted for his predecessor as Secretary of the Interior. Fed. R. Civ. Proc. 25(d).

motion.

Ashley Creek requests reconsideration of the Court's memorandum decision and order dismissing this case for Ashley Creek's lack of Article III standing (Docket No. 30). Ashley Creek argues the Court misconstrued *Summers v. Earth Island Institute*, 129 S.Ct. 1142 (2009), and incorrectly concluded that consolidation with a related case in this district (Case No. 4:08-cv-00388-MHW) could not solve Ashley Creek's standing problem. Ashley Creek cites Federal Rules of Civil Procedure 59(a) and 60.

Because Ashley Creek argues that the Court made erroneous legal and factual conclusions in pre-trial consideration of evidence, not at a trial, the appropriate avenues for reconsideration are Rules 59(e) or 60(b). *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263. "Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id.* at 1264 (internal

**Memorandum Decision and Order – page 2**

quotations omitted). These rules "offer[] an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation omitted).

The Court has considered Ashley Creek's arguments and finds no errors in the Court's prior analysis, and certainly no extraordinary circumstances warranting the relief Ashley Creek requests.

The Court agrees with Ashley Creek that *Summers*'s requirement that a procedural injury be "actual or imminent" appears to be in conflict with footnote seven of *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). *See also Massachusetts v. E.P.A.*, 549 U.S. 497, 517-18 (2007) (quoting *Lujan*'s footnote 7 as setting forth a relaxed inquiry on a procedural injury). The Court is bound, however, by the *Summers* majority's holding that "[o]nly a 'person who has been accorded a procedural right to protect *his concrete interests* can assert that right without meeting all the normal standards for redressability and immediacy.'" *Summers*, 129 S.Ct. at 1151 (quoting *Lujan*, 504 U.S. at 572 n.7) (emphasis in *Summers*). For procedural injuries, this Court may not "replace the requirement of imminent harm . . . with the requirement of a realistic threat that reoccurrence of the challenged activity would cause harm in the reasonably near future." *Id.* at

**Memorandum Decision and Order – page 3**

1152-53 (internal quotations and alterations omitted).

Ashley Creek submitted additional evidence with its motion for reconsideration, and asserts that this evidence was provided to the Court at the hearing on the motions to dismiss. *See Supplement to Ashley Creek's Motion to Reconsider*, Docket No. 34. If the materials submitted with Ashley Creek's motion to reconsider were before the Court, the Court was unaware of it and did not consider them in its prior order. These materials indicate that Ashley Creek has a currently transferrable right to royalties and reversion in undeveloped mining leases nearby Simplot's Smoky Canyon Mine. *See id.* at pp. 5-6, ¶¶ 3 and 4; p. 9, ¶ 9.

The Court still holds, however, that Ashley Creek has not established an injury in fact because there is no indication that the Forest Service or the Bureau of Land Management will curtail future mining as a result of any environmental harm at Smoky Canyon Mine. The Court reaffirms its prior holding that "'[t]here may be a chance, but is hardly a likelihood,' that selenium pollution at the Smoky Canyon Mine will trigger environmental restrictions that imminently injure Ashley Creek's ability to reap economic benefits from its future interests in nearby, undeveloped leases." *See Memorandum Decision and Order Dismissing Complaint*, Docket No. 30, at p. 18 (quoting *Summers*, 129 S.Ct. at 1150). Ashley

**Memorandum Decision and Order – page 4**

Creek simply has not demonstrated that its concrete interests will be impacted by any environmental harm.

Next, the Court is unpersuaded that it made a clear error in holding that Ashley Creek may not cure its standing problem by consolidating this case with the environmental group's challenge to the mine. According to Ashley Creek, "[a]pplication of the rule of general standing does not require identity of parties (though this could be achieved by intervention rather than consolidation); it requires similarity of issues (such as would justify consolidation) in actions in which one plaintiff has standing." *Ashley Creek's Memorandum in Support of Motion to Reconsider*, Docket No. 33, at p. 10. The Court disagrees.

First, Ashley Creek cites no cases directly holding that a party may obviate the rules of standing by seeking consolidation in a case with identical issues. Even if that were the law, the Court has again reviewed the environmental groups's complaint in the other suit, and again determined that complaint does not contain the claim in Ashley Creek's complaint. The environmental groups's challenge to the Environmental Impact Statement's analysis of alternatives does not advocate for the alternative of Simplot supplying the Don Plant with phosphate from Vernal, Utah. Unlike Ashley Creek, the environmental groups seek to stop the phosphate mining, not to shift mining to Utah until mining in Idaho is safer.

**Memorandum Decision and Order – page 5**

Further, intervention as of right requires a standing-like inquiry, *see, e.g. Portland Audubon Soc. v. Hodel*, 866 F.2d 302, 308 n.1 (9th Cir. 1989), and even permissive intervention may require Article III standing, *see Memorandum Decision and Order Granting in Part and Denying in Part Simplot's Motion for Intervention*, Docket No. 19, at p. 9.  But consolidation under Rule 42 contains no such requirement.  Allowing a party like Ashley Creek to use the consolidation standard to become a party to the other suit (as intervener or otherwise), would obviate the rules of standing, or intervention, or both.  If Ashley Creek seeks to avail itself of the environmental groups's standing, it must become a party to their suit through Rule 24, not through consolidation of the two separate suits.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Ashley Creek's motion for reconsideration (Docket No. 32) is DENIED.

DATED:  **July 23, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – page 6**